People v Espinoza (2026 NY Slip Op 01740)

People v Espinoza

2026 NY Slip Op 01740

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 951/20|Appeal No. 6177|Case No. 2024-01557|

[*1]The People of the State of New York, Respondent,
vManuel Espinoza, Appellant.

Law Office of Patrick Joyce, New York (Patrick J. Joyce of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered February 15, 2024, as amended February 21, 2024, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
The automatic discovery provisions of CPL 245.20(1) did not require the People to disclose a form prepared in connection with a codefendant's plea agreement, which stated that the codefendant intended to invoke his Fifth Amendment privilege if called to testify at trial, as the form did not "relate to the subject matter of the case" under the statute in effect at the time of the proceedings below (former CPL 245.20[1], repealed by L 2025 NY, ch 56, § 2, part LL, eff August 7, 2025). Accordingly, the court properly rejected defendant's arguments that the People's belated disclosure of the form rendered their certificates of compliance and statements of readiness illusory, and that the indictment should be dismissed in accordance with CPL 30.30(5) on that basis.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026